The State of New Jersey, Ex Rel. The Board of Health of the Township of Medford, in the County of Burlington and State of New Jersey, complainant-appellant,

*v.*

Jerome Jennings, defendant-respondent.

[Submitted February term, 1942. Decided April 23d, 1942.]

*Mr. Herbert S. Killie* (*Mr. Howard G. Stackhouse,* of counsel), for the complainant-appellant.

*Mr. James M. Davis, Jr.,* for the defendant-respondent.

The opinion of the court was delivered by

Porter, J.

The complainant municipality, under authority of *N. J. S. A. 26:3-56* and *26:3-57,* charges the defendant with main-

taining a public nuisance on his premises in allowing sewage to overflow from his cesspools onto the public street to the hazard of the public health and prays for an injunction to restrain such acts.

Vice-Chancellor Woodruff, to whom the matter was referred, concluded that a case for injunctive relief had not been established and advised an order of dismissal with costs. This appeal is from the order so advised. We also conclude that the proofs were insufficient to have justified the relief sought.

There are no public sewers or sewage disposal works in Medford. Defendant's property consists of a residence occupied by himself and family and a business building adjoining occupied by several business concerns. The sewage from these buildings is carried by pipes to three cesspools located under ground in the rear. The sewage from the residence kitchen sink goes to the cesspools through an intervening grease trap. A pipe takes overflow from the trap to the gutter at the street frontage. The complainant charges that it is sewage from the cesspools and not kitchen overflow from the trap which flows through this pipe to the street. It is alleged that this sewage contains human excrement and other foul smelling matter. Defendant denies that any sewage from his premises reaches the gutter except the kitchen water. He says that the contents of his cesspools cannot physically flow through the grease trap into the street. There is testimony that the cesspool at the post office located next door to the defendant's premises overflows and so does the toilet in the post office basement; that an electric pump is kept in the cellar with which this sewage is pumped out of the building and which runs into the gutter at the front of the buildings.

The Vice-Chancellor decided that for Chancery to grant an injunction the facts must show a nuisance hazardous to the public health and a nuisance such as would subject the defendant to an indictment. *State, ex rel. Board of Health of Hackensack* v. *Board of Chosen Freeholders of Bergen County, 46 N. J. Eq. 173; affirmed, 48 N. J. Eq. 294.* He also decided that the extraordinary remedy of injunction cannot be awarded unless the right to it is established by clear and convincing testimony and that the proofs in the instant case

did not so establish the right. We are in accord with those views.

The appellant argues that the court erred in awarding costs against it. The statute, *N. J. S. A. 26:3-58* provides:

"In case no nuisance shall be found to exist, costs shall be awarded against the local board which caused the suit to be brought only in case it shall appear to the chancellor that no probable cause existed for bringing the suit."

We conclude that a finding of no probable cause is entirely consistent with the other conclusions of fact found and is borne out by the proofs.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, JJ. 13.

*For reversal*—None.