The Board of Health of the Township of Wayne seeks an injunction to restrain the operation of the fat rendering plants of Paterson Tallow Company and Independent Rendering Company, on the ground that the odors emanating therefrom constitute a nuisance hazardous to the public health.
The plant of the defendant Paterson Tallow Company was constructed in 1918 or 1919 and has been in operation since that time. It was erected within the completely rural community of Wayne Township and was relatively distant from the few houses in its general vicinity. In later years, additional houses were built but the area is still rural and sparsely settled. The company purchases inedible fats, oils, and bones, which are delivered to it in large drums, the bones are crushed, all of the materials are placed in cookers, and the resulting product is a tallow which is used in the manufacture of soap and other products. The materials being received by the company were described by its president as being of good quality and coming in refrigerated condition from packing houses and butcher shops. During the war the company purchased bad materials out of the State to meet requirements by the War Production Board for the increased production of tallow for use in the manufacture of glycerin and other high explosives, but this practice was discontinued at the close of the war. The plant of the Independent Rendering Company is located near that of the defendant Paterson Tallow Company but its operations are on a smaller scale.
During the hearings held in 1946 before Vice Chancellor Lewis, the plaintiff produced testimony by approximately twenty witnesses to establish that there were odors emanating *Page 399 
from defendants' plants which constituted a nuisance hazardous to public health. Their testimony indicated that from time to time they were subjected to objectionable rendering odors attributable mainly to the operations of the defendant Paterson Tallow Company. Most of the witnesses stated that the odors had no effect on their health although a few asserted that they nauseated them, affected their appetites, and caused their loss of sleep. Witnesses on behalf of the defendant Paterson Tallow Company described the odors as "cooking odors" and stated that they did not disturb or have any effect whatever on them. Towards the close of the hearing before Vice Chancellor Lewis, the president of the defendant Paterson Tallow Company, although denying that any occasional odors emanating from its plant were offensive, stated that new equipment, particularly an ozone apparatus, designed to increase the plant's odor control, had been purchased but had not yet been installed.
On October 14, 1948, a supplemental hearing was held to enable the parties to introduce evidence of occurrences since 1946. At this hearing evidence was introduced establishing that the ozone apparatus had been installed but was not entirely satisfactory, and that thereafter the company investigated systems in rendering plants in other cities and retained Mr. Melville, a licensed engineer who has been engaged in constructing and assembling rendering plants since 1920, to install a new odor control system in its plant. The installation was begun by Mr. Melville and his staff in the spring of this year and was substantially completed by the middle of August. Mr. Melville described his system as one which confines the steam containing the odor and grease content, carries it to large condensing units where it is condensed into water, and transmits the residue, which is not condensed, to a chimney stack where it is burned. He stated that although there are various odor control systems, he considers his to be the most modern and the best in the field. He further stated that the cost to the company of installing his system was $34,000.00 and that he is still engaged at its plant in making improvements. Several witnesses, including witnesses who had earlier testified on the *Page 400 
plaintiff's behalf, stated that the situation had improved since the first hearing. On the other hand, several witnesses called by the plaintiff, including one who stated that he had noticed the odors "for 28 years", testified that the only improvement was that the odors now continue for lesser periods than heretofore.
Immediately following the close of the supplemental hearing, and with the consent of counsel and in their presence, an inspection of the Paterson Tallow Company's plant and its new equipment was made. There was no odor away from the plant but there was what was referred to during the hearing as a "trade odor" of a cooking type within the plant and immediately about it. The plant was then in full operation and materials were being received while the inspection was being made. Although neither the plant's structure nor the nature of its business was at all pleasing to the eye, nothing was observed or ascertained which would support the charge that a nuisance hazardous to the public health existed.
In its memorandum plaintiff asserts that its action was brought under R.S. 26:3-56, concedes that it has not established its case against the Independent Rendering Company; but contends that the evidence presented was sufficient to warrant the issuance of a restraint against the operation of the Paterson Tallow Company's plant as constituting a "nuisance hazardous to the public health" within the meaning of R.S. 26:3-56. In TheState of New Jersey, Ex rel., Board of Health of the Township ofMedford v. Jennings, 131 N.J. Eq. 511 (E. A. 1942) the Court of Errors and Appeals, in dealing with a proceeding underR.S. 26:3-56, said:
"The Vice-Chancellor decided that for Chancery to grant an injunction the facts must show a nuisance hazardous to the public health and a nuisance such as would subject the defendant to an indictment. State, ex rel. Board of Health of Hackensack v.Board of Chosen Freeholders of Bergen County, 46 N.J. Eq. 173; affirmed, 48 N.J. Eq. 294. He also decided that the extraordinary remedy of injunction cannot be awarded unless the right to it is established by clear and convincing testimony and that the proofs in the instant case did not so establish the right. We are in accord with those views." *Page 401 
Applying the above principles, the conclusion must be reached that the proofs do not clearly and convincingly establish that the defendant Paterson Tallow Company's plant is now being operated as a nuisance hazardous to the public health. The weight of the testimony indicates that although the plant is, with wholly apparent cause, undesirable from the neighbors' viewpoint, its present operation is not, in any real sense, a public health hazard. The installation of the plant's new equipment represents a bona fide attempt to increase the plant's odor control and undoubtedly beneficial results have resulted. Further plant improvements are being made and the company would be well advised not only to continue them, but also to increase their scope to the end that all basis for any complaints whatever by neighbors is effectively removed. Otherwise it may be faced with a subsequent proceeding of more comprehensive scope resting on additional evidence which might justify the relief there sought.Cf. Kosich v. Poultrymen's Service Corporation, 136 N.J. Eq. 571
(Ch. 1945).
Judgment of dismissal in favor of the defendants will be entered.